15-1451; 15-1760
*EDRO Corp. d/b/a Dynawash v. National Labor Relations Board*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of May, two thousand and sixteen.

PRESENT:  ROBERT D. SACK,
          RICHARD C. WESLEY,
          GERARD E. LYNCH,
                    *Circuit Judges.*

---

EDRO CORPORATION d/b/a DYNAWASH,

                    *Petitioner/Cross-Respondent*,

          -v.-                              No. 15-1451; 15-1760

NATIONAL LABOR RELATIONS
BOARD,

                    *Respondent/Cross-Petitioner*.

---

FOR PETITIONER/CROSS-RESPONDENT: STEPHANIE P. ANTONE, Anderson, Reynolds & Lynch, LLP.

FOR RESPONDENT/CROSS-PETITIONER: MICHAEL HICKSON (Julie Broido, *on the brief*), for Richard F. Griffin, Jr., General Counsel, National Labor Relations Board, Washington, D.C.

Petition for review of a decision of the National Labor Relations Board.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the petition for review of the March 31, 2015

Decision and Order of the National Labor Relations Board is DENIED, and the

cross-petition for enforcement is GRANTED.

This case comes to the Court on the petition of EDRO Corporation d/b/a

Dynawash ("EDRO" or the "Company") to review a final Decision and Order of

the National Labor Relations Board (the "Board") issued with respect to the

Company on March 31, 2015, and the cross-petition of the National Labor

Relations Board ("NLRB")[1] to enforce that Order. The Decision affirmed the

---

[1] References to "NLRB" are to the National Labor Relations Board as Petitioner/Cross-Respondent; references to the "Board" are to the National Labor Relations Board that issued the Decision and Order on March 31, 2015 that is the subject of the petition for review.

rulings and findings of an Administrative Law Judge ("ALJ") who concluded that the Company had violated Section 8(a)(3) and (1) of the National Labor Relations Act (the "Act"), 29 U.S.C. § 158(a)(3) & (1), by discharging employee Vincent Davis ("Davis") on October 29, 2013 for his union activity. The Order amended the ALJ's remedy and adopted his recommended Order requiring the Company to reinstate Davis as an employee and awarding him full backpay.

EDRO does not dispute that it unlawfully terminated Davis, but it raises two challenges to the Board's remedy. First, the Company argues that reinstatement is improper because Davis was a "temporary employee" at the time of his termination. Second, the Company contends that reinstatement is improper, and full backpay excessive, because it would have lawfully fired Davis in any event on November 5, 2013, when it discovered his criminal record. In its cross-petition, the Board asks us to reject EDRO's arguments and summarily affirm the uncontested portions of the Decision and Order, including the underlying finding that Davis was unlawfully terminated.

We review the Board's factual findings, legal conclusions, and remedial decisions under deferential standards. "Factual findings of the Board will not be disturbed if they are supported by substantial evidence in light of the record as a

3

whole." *N.L.R.B. v. Starbucks Corp.*, 679 F.3d 70, 77 (2d Cir. 2012) (quoting

*N.L.R.B. v. Caval Tool Div.*, 262 F.3d 184, 188 (2d Cir. 2001)). "Substantial

evidence means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Id.* (internal quotation marks omitted).

The Board's legal conclusions, in turn, must stand if they have "a

reasonable basis in law." *Caval Tool*, 262 F.3d at 188. "Legal conclusions based

upon the Board's expertise should receive, pursuant to longstanding Supreme

Court precedent, considerable deference." *Starbucks Corp.*, 679 F.3d at 77

(internal quotation marks omitted).

Further, the Board "has 'broad discretion' in fashioning remedial orders."

*Mohave Elec. Co-op., Inc. v. N.L.R.B.*, 206 F.3d 1183, 1192 (D.C. Cir. 2000) (quoting

*ABF Freight System, Inc. v. N.L.R.B.*, 510 U.S. 317, 325 (1994)). "[T]he remedy

selected 'should stand unless it can be shown that the order is a patent attempt to

achieve ends other than those which can fairly be said to effectuate the policies of

the Act.'" *Morrison-Knudsen Co. v. N.L.R.B.*, 275 F.2d 914, 917 (2d Cir. 1960)

(quoting *Virginia Elec. & Power Co. v. N.L.R.B.*, 319 U.S. 533, 540 (1943)).

Applying those deferential standards here, we order the enforcement of

the Board's Decision and Order in its entirety. We assume the parties' familiarity

with the facts and record below, which we recount only as necessary to explain our decision.

## I.      Davis's "Temporary" Status

EDRO hired Davis through a staffing company named Westaff on the following terms:

> Westaff was to be Davis' nominal employer and . . . [EDRO] would pay his wage plus a premium to Westaff for Davis' services.  At the end of 520 hours, (13 weeks), [EDRO] had the option of hiring Davis as its own employee without paying an additional fee to Westaff. If [EDRO] decided to directly hire Davis before the 520 hours, it would incur a fee.

J.A. 254.  At the time of Davis's termination, his initial 13-week period of employment was not yet complete and the Company had not opted to hire him directly.

The Board concluded that under those circumstances, EDRO qualified as one of Davis's employers at the time of his termination.  The Company does not dispute that finding.  It argues, however, that reinstatement is nonetheless improper because Davis was a "temporary employee" without a guarantee of continued employment.  Appellant's Br. at 19.  According to EDRO, two prior decisions of the Board—*Vemco, Inc.*, 314 N.L.R.B. 1235 (1994), and *Huck Store*

5

*Fixture Co.*, 334 N.L.R.B. 119 (2001), *enforced*, 327 F.3d 528 (7th Cir. 2003)—establish that reinstatement is an improper remedy where a temporary employee is wrongfully terminated. In each of those decisions, the Board chose not to order reinstatement after a user firm wrongfully terminated a temporary worker hired through a staffing company. Instead, the Board ordered the user firm to notify the staffing company "that it has no objection to [the temporary workers'] employment" going forward. *Vemco*, 314 N.L.R.B. at 1242; *see also Huck Store*, 334 N.L.R.B. at 123.

The Board rejected EDRO's argument. It concluded that *Vemco* and *Huck Store* were inapposite because in each case, unlike here, there was no finding that the user firm qualified as an employer of the temporary workers—a prerequisite for reinstatement. *See* J.A. 279 n.3. The Board cited, to the contrary, two decisions—*Skill Staff of Colo.*, 331 N.L.R.B. 815 (2000), and *D&F Indus.*, 339 N.L.R.B. 618 (2003)—in which user firms *had* been found to qualify as the employers of temporary workers. *See* J.A. 278-79; *D&F Indus.*, 339 N.L.R.B. at 648; *Skill Staff*, 331 N.L.R.B. at 822. In those decisions, as here, the Board ordered the user firms to reinstate the temporary workers as a remedy for their wrongful

termination.  *See D&F Indus.*, 339 N.L.R.B. at 649 & n.86; *Skill Staff*, 331 N.L.R.B. at 816, 822.

In our view, the Board's distinction between the *Vemco* and *Skill Staff* lines of authority, and its reliance on the latter, has "a reasonable basis in law."  *Caval Tool*, 262 F.3d at 188.  We also conclude that the Board's decision to reinstate Davis despite his provisional status at the time of his wrongful termination "'can fairly be said to effectuate the policies of the Act.'"  *Morrison-Knudsen*, 275 F.2d at 917 (quoting *Virginia Elec.*, 319 U.S. at 540).  We therefore decline to reverse the Board's reinstatement order on the ground that Davis was a "temporary" employee.[2]

## II.    EDRO's Discovery of Davis's Criminal Record

Separately, EDRO contends that the Board's reinstatement order is improper, and its backpay award excessive, because the Company would have lawfully fired Davis for misconduct on November 5, 2013, when it discovered his criminal record.  An employer seeking to limit the remedy owed to an unlawfully discharged employee based on after-acquired evidence must prove

---

[2] We express no opinion as to whether the contractual arrangement between EDRO and Westaff, which had not yet run its course when Davis was fired, should be accounted for in the terms of his reinstatement.  That issue has not been raised on appeal and may be argued at a subsequent compliance hearing before the Board.

that the employee engaged in misconduct for which it "would have discharged *any* employee." *Marshall Durbin Poultry Co.*, 310 N.L.R.B. 68, 70 (1993) (emphasis added); *see also Berkshire Farm Ctr. and Servs. for Youth*, 333 N.L.R.B. 367, 367 (2001) ("When an employee is unlawfully discharged, reinstatement and backpay are appropriate remedies unless the employer can show subsequent conduct, or discovery of conduct, that would have resulted in a lawful discharge.").

The Board's reasonable finding that Davis's October 22 comment was not objectively threatening, in conjunction with the Company's practice of employing convicted felons from time to time, amply supports the Board's conclusion that the Company's after-acquired evidence of Davis's criminal record "[did] not reasonably transform the 'you get what you give' statement in to grounds for which [it] would have discharged [him] absent his union activity." J.A. 279. The Company's reliance on a discredited version of Davis's remark—which the Company never challenged in its exceptions before the Board or in its opening brief on appeal—does not suffice.

We have considered all of the Company's remaining arguments and find them to be without merit. Accordingly, we DENY the petition for review of the Board's March 31, 2015 Decision and Order.

## III.    Enforcing the Decision and Order

Having rejected EDRO's challenges to the Board's remedy, we turn to the Board's request that we summarily affirm (and enforce) the uncontested portions of the Decision and Order, including the underlying finding of unlawful termination.

Section 10(e) of the Act provides in relevant part: "No objection that has not been urged before the Board . . . shall be considered by the [reviewing] court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e). We lack jurisdiction "to review objections that were not urged before the Board." *Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645, 666 (1982); *accord Elec. Contractors, Inc. v. NLRB*, 245 F.3d 109, 115 (2d Cir. 2001). Accordingly, "[t]he Board is entitled to summary affirmance of portions of its order identifying or remedying . . . uncontested violations of the Act." *NLRB v. Consol. Bus Transit, Inc.*, 577 F.3d 467, 474 n.2 (2d Cir. 2009) (per curiam).

The Board expressly noted that the Company did not except to the ALJ's finding that it unlawfully discharged Davis. *See* J.A. 278 n.1. The Company does not point to any circumstances, extraordinary or otherwise, counseling in favor of finding that it has objected to the Board's determination that it unlawfully discharged Davis for his union activity. We thus summarily affirm that determination, as well as all other uncontested Board findings, and GRANT the Board's cross-petition for enforcement of the March 31, 2015 Decision and Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk